JUDGE TORRES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 0781

---------------------------------------------------------------X
BENITO GARCIA, on behalf of himself
and all others similarly situated,

                    Plaintiff,

                    -against-

OLAMAR FOOD CORP. d/b/a ASSOCIATED
SUPERMARKET, ANTHONY ESPINAL, and
NELSON POLANCO,

                    Defendants.
---------------------------------------------------------------X

COMPLAINT

COLLECTIVE ACTION

ECF CASE

JURY TRIAL
DEMANDED

Plaintiff Benito Garcia ("plaintiff" or "Garcia"), on behalf of himself and all others similarly situated, by his attorneys Berke-Weiss & Pechman LLP, complaining of defendants Olamar Food Corp. d/b/a Associated Supermarket, Anthony Espinal and Nelson Polanco (collectively referred to herein as "Associated" or "defendants"), alleges:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid overtime wages and spread of hours pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

2. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions and compensation for unpaid overtime wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as the Associated Supermarket where plaintiff worked is located in the Southern District of New York.

## THE PARTIES

### Plaintiff

5. Benito Garcia ("Garcia") resides in New York, New York. Garcia worked stocking groceries at Associated from July 2007 through December 5, 2013.

6. At all times relevant to this action, Garcia has been an employee who has engaged in commerce, *i.e.* who handles, sells or otherwise works on goods and materials that have been moved or produced for interstate commerce.

### Defendants

7. Defendant Olamar Food Corp. is a New York corporation that owns and operates Associated Supermarket, a supermarket located at 1968 Second Avenue, New York, New York, 10029.

8. Defendant Anthony Espinal ("Espinal") is a person engaged in business in the City and County of New York, who is sued individually in his capacity as an owner, officer and/or agent of Associated Supermarket. Espinal exercises sufficient control over Associated's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and

established and exercised authority regarding the pay practices at Associated Supermarkets.

9. Defendant Nelson Polanco ("Polanco") is a natural person engaged in business in the City and County of New York, who is sued individually in his capacity as an owner, officer and/or agent of Associated Supermarket. Polanco exercises sufficient control over Associated's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, and established and exercised authority regarding the pay practices at Associated Supermarket.

10. Defendant Olamar Food Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA and has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

## COLLECTIVE ACTION ALLEGATIONS

11. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons who are current and former non-exempt employees of Associated since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

12. The FLSA Collective consists of approximately twenty (20) similarly situated current and former non-exempt employees of Associated, who, over the last three years have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

13. As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia,* the following:

   a. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week; and

   b. failing to keep accurate records of hours worked by employees as required by the FLSA and the NYLL.

14. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

15. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiff and the FLSA Collective.

16. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Associated, are readily identifiable, and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

### THE FAILURE OF ASSOCIATED TO PAY OVERTIME PAY FOR ALL WEEKLY HOURS WORKED OVER FORTY

17. Associated Supermarket is open for business seven (7) days per week, from 7:00 a.m. to 9:00 p.m. from Monday to Saturday and 8:00 a.m. to 7:00 p.m. on Sunday.

18. The FLSA and NYLL require that employers pay all employees one and one-half (1½) their regular rate of pay for all hours in excess of forty (40) during any work week, unless they are exempt from coverage.

19. Plaintiff and members of the FLSA Collective were not paid an hourly rate. Rather, they were paid a set weekly rate, regardless of the number of hours worked per week.

20. Garcia worked approximately seventy-six (76) hours per week, as follows: four (4) days per week, he worked from approximately 7:00 a.m. until approximately 7:00 p.m, and two (2) days per week, he worked from approximately 7:00 a.m. until approximately 9:00 p.m.

21. From 2007 through 2010 Garcia was paid a flat rate of five hundred dollars ($500) in cash a week for all hours worked. From 2010 through 2013 Garcia was paid a flat rate of six-hundred twenty-five dollars ($625) in cash a week for all hours worked.

22. Defendants wilfully and intentionally failed to compensate plaintiff and members of the FLSA Collective for all hours worked at one and one-half (1 ½) times the regular hourly rate of pay for all hours worked in excess of forty (40) per week.

23. The exact accounting of such wage theft for plaintiffs and the FLSA Collective can only be determined upon completion of discovery.

## DEFENDANTS' FAILURE TO PAY SPREAD OF HOURS

24. The NYLL requires that employers pay employees one hour's pay at the full minimum wage for each workday that exceeds ten (10) hours.

25. Garcia regularly worked at least six (6) days a week that spanned more than ten (10) hours.

26. Garcia did not receive an additional one hour's pay at the full minimum wage, despite having workdays that exceeded ten (10) hours.

27. Defendants wilfully and intentionally failed to compensate Garcia with an additional one hour's pay at the full minimum wage for each day his workday exceeded ten (10) hours.

## DEFENDANTS' VIOLATIONS OF
## THE WAGE THEFT PREVENTION ACT

28. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

29. Defendants paid plaintiff and the FLSA Collective's wages without any accompanying statement listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

30. Plaintiff and the FLSA Collective were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of forty

6

(40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

33. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

34. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

35. Due to defendants' violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
(New York Labor Law – Unpaid Overtime)

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth herein.

37. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and the other employees at Associated one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

38. Defendants have failed to pay plaintiff and other employees the overtime wages to which they were entitled under the NYLL.

39. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and other employees overtime wages.

40. Due to defendants' willful violations of the NYLL, plaintiff and other employees are entitled to recover their unpaid overtime wages, reasonable attorneys'

7

fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. Defendants have willfully failed to pay plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten (10) hours.

43. By defendants' failure to pay plaintiff spread-of-hours pay, defendants have willfully violated NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

44. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

## FOURTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

45. Plaintiff repeats and realleges paragraphs 1 through 44 as if fully set forth herein.

46. Defendants failed to furnish plaintiffs, at the time of hiring, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer;

any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

47. Due to defendants' violation of the NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

    a. declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

    b. declaring that defendants have violated the spread of hours and notice provisions of the New York State Department of Labor Regulations;

    c. declaring that defendants have violated the wage theft prevention act of the NYLL and New York State Department of Labor Regulations;

    d. declaring that defendants' violations of the FLSA and NYLL were willful;

    e. awarding plaintiff and the FLSA Collective damages for unpaid overtime wages;

    f. awarding plaintiff liquidated damages as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

    g. awarding plaintiff and the FLSA Collective liquidated damages in an

amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

      h. awarding plaintiff and the FLSA Collective pre-judgment and post judgment interest under the FLSA and the NYLL;

      i. awarding plaintiff and the FLSA collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL;

      j. authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit; and

      k. awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demand a trial by jury in this action.

Dated: New York, New York  
       February 7, 2014.

                            BERKE-WEISS & PECHMAN LLP

                      By: _____  
                            Louis Pechman  
                            Jessica N. Tischler  
                            488 Madison Avenue - 11th Floor  
                            New York, New York 10022  
                            (212) 583-9500  
                            pechman@bwp-law.com  
                            tischler@bwp-law.com  
                            *Attorneys for Plaintiff*