UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: _1/14/15_ | |

BENITO GARCIA, on behalf of himself and all
others similarly situated,

                        Plaintiff,

          -against-

OLAMAR FOOD CORP. d/b/a ASSOCIATED
SUPERMARKET, ANTHONY ESPINAL, and
NELSON POLANCO,

                        Defendants.

14 Civ. 781 (AT)

**MEMORANDUM
<u>AND ORDER</u>**

ANALISA TORRES, District Judge:

     In this action, Plaintiff, Benito Garcia, on behalf of himself and all others similarly

situated, alleges that Defendants, Olamar Food Corp. d/b/a Associated Supermarket

("Associated"), Anthony Espinal, and Nelson Polanco, violated the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law ("NYLL"), §§ 195, 650 *et seq.*,

and the "spread of hours" provision of the New York Commissioner of Labor's Minimum Wage

Order (the "Minimum Wage Order"), codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-

2.4. In particular, Plaintiff alleges that Defendants failed to: (1) pay Plaintiff and all others

similarly situated overtime as required by the FLSA and the NYLL; (2) pay Plaintiff the "spread

of hours" premium required by the Minimum Wage Order; and (3) provide Plaintiff and all

others similarly situated the written notice required by NYLL § 195(1).[1] Defendants move to

dismiss the FLSA collective action claim and the state law claims asserted on behalf of

---

[1] NYLL § 195(1) requires, *inter alia*, that an employer "provide his or her employees, in writing in English and in
the language identified by each employee as the primary language of such employee, at the time of hiring, and on or
before February first of each subsequent year of the employee's employment with the employer, a notice containing
the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week,
salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or
lodging allowances; the regular pay day designated by the employer . . . ; the name of the employer; any 'doing
business as' names used by the employer; the physical address of the employer's main office or principal place of
business, and a mailing address if different; the telephone number of the employer; plus such other information as
the commissioner deems material and necessary."

individuals other than Plaintiff pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendants' motion is DENIED in part and GRANTED in part.

## BACKGROUND[2]

From July 2007 until December 5, 2013, Plaintiff worked as a grocery stocker at an Associated supermarket located in Manhattan. Compl. ¶¶ 5, 7, ECF No. 2. Plaintiff worked approximately seventy-six hours each week, *id.* ¶ 20, and his workday regularly lasted more than ten hours, *id.* ¶ 25. Despite working more than forty hours a week, Plaintiff was never paid overtime. *Id.* ¶¶ 22, 33-34, 38-39. Instead, he was paid a "set weekly rate" regardless of the number of hours worked. *Id.* ¶ 19. Moreover, despite regularly working more than ten hours per day, Plaintiff never received an additional hour's pay at the minimum wage rate (*i.e.*, the "spread of hours" premium). *Id.* ¶¶ 26-27. In addition, Plaintiff never received the written notice required by NYLL § 195(1). *Id.* ¶¶ 28, 30, 46.

Plaintiff alleges that "approximately twenty (20) similarly situated current and former non-exempt employees of Associated" were also denied overtime pay "over the last three years" pursuant to Defendants' "common policy and practices" of: (1) "failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week"; (2) "failing to keep accurate records of hours worked by employees"; and (3) "minimizing labor costs [by] denying employees compensation." *Id.* ¶¶ 11-13; *see also id.* ¶¶ 22, 33-34, 38-39. Like Plaintiff, these employees were paid a "set weekly rate" regardless of the number of hours worked, *id.* ¶ 19, and never received the written notice required by NYLL § 195(1), *id.* ¶¶ 28, 30, 46.

---

[2] The following facts are taken from the complaint and accepted as true for the purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

## DISCUSSION

### I.     Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff

is not required to provide "detailed factual allegations" in the complaint, but must assert "more

than labels and conclusions." *Twombly*, 550 U.S. at 555.  Ultimately, the "[f]actual allegations

must be enough to raise a right to relief above the speculative level." *Id.*  On a Rule 12(b)(6)

motion, the court may consider only the complaint, documents attached to the complaint, matters

of which a court can take judicial notice, or documents that the plaintiff knew about and relied

upon. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  The court must

accept the allegations in the complaint as true and draw all reasonable inferences in favor of the

non-movant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

### II.     FLSA Collective Action Claim

Defendants contend that Plaintiff's FLSA collective action claim (*i.e.*, the FLSA claim

brought on behalf of "similarly situated" employees) must be dismissed because it is based on

"conclusory allegations . . . which lack the factual content sufficient to state a claim." Def.

Mem. 9, ECF No. 21.  The Court disagrees.  "To state an FLSA collective action claim, a

complaint must allege facts sufficient to create the plausible inference that there is a group of

individuals similarly situated to [the] [p]laintiff." *Peck v. Hillside Children's Ctr.*, 915 F. Supp.

2d 435, 438 (W.D.N.Y. Jan. 10, 2013) (internal quotation marks and citation omitted); *see also*

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) ("[W]here a plaintiff

brings an FLSA claim 'for and in behalf of himself . . . and other employees similarly situated,'

3

the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." (quoting 29 U.S.C. § 216(b))). Plaintiff's allegations that approximately twenty "current and former non-exempt employees of Associated" were, like Plaintiff, denied overtime pay "over the last three years" pursuant to Defendants' "common policy and practices" of, *inter alia*, paying employees a "set weekly rate" regardless of the number of hours worked, "failing to keep accurate records of hours worked by employees," and "minimizing labor costs [by] denying employees compensation," Compl. ¶¶ 11-13, 19, are, therefore, sufficient to survive a motion to dismiss. *See, e.g., Kattu v. Metro Petroleum, Inc.*, 12 Civ. 54, 2013 WL 4015342, at *3 (W.D.N.Y. Aug. 6, 2013) (finding that the plaintiffs stated an FLSA collective action claim where they "alleged generally that there are other persons similarly situated to plaintiffs, who were also employed by defendant . . . in similar positions, who worked overtime, but were not paid overtime wages"); *Peck*, 915 F. Supp. 2d at 438 (noting that a plaintiff can state an FLSA collective action claim "by presenting substantial allegations that the putative [collective action] members were together the victims of a single decision, policy or plan" (internal quotation marks and citation omitted)); *Zhong*, 498 F. Supp. 2d at 631 (concluding that the plaintiff failed to state a claim where his complaint made "no reference . . . to a policy to which other employees are subject, nor to any company policy at all" and "neither generally nor specifically name[d] or reference[d] any other plaintiffs"). Indeed, the allegations constitute "more than labels and conclusions" and "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, Defendants' motion to dismiss the FLSA collective action claim is DENIED.[3]

---

[3] To the extent that Defendants question whether this case should proceed collectively, such an argument is premature and more appropriately addressed in response to a motion for conditional collective action certification. *See, e.g., Barrett v. Forest Labs., Inc.*, 12 Civ. 5224, 2014 WL 4058683, at *35-36 (S.D.N.Y. Aug. 14, 2014); *Peck*, 915 F. Supp. 2d at 439; *Lamur v. Sunnyside Cmty. Servs., Inc.*, 11 Civ. 4439, 2012 WL 3288770, at *5 (E.D.N.Y. Aug. 9, 2012); *Hughes v. Getronics Wang LLC*, 07 Civ. 10356, 2008 WL 2778885, at *1 (S.D.N.Y. July 8, 2008).

III.    State Law Claims

Defendants also contend that the state law claims asserted on behalf of individuals other than Plaintiff must be dismissed.  Def. Mem. 10-12.  Plaintiff, in turn, argues that an individual who opts-in to an FLSA collective action (an "opt-in plaintiff") has the right to have her related state law claims adjudicated in the same action.  Pl. Mem. 8-10, ECF No. 23.  Although Plaintiff accurately characterizes the rights of an opt-in plaintiff, *see, e.g., Romero v. Flaum Appetizing Corp.*, 07 Civ. 7222, 2011 WL 812157, at *6 (S.D.N.Y. Mar. 1, 2011); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 90 (S.D.N.Y. 2001), the state law claims of other potential plaintiffs may not be asserted at this juncture.  The FLSA authorizes a plaintiff to file suit on behalf of "other employees similarly situated" to "recover the liability prescribed in [the FLSA]," not state law.  29 U.S.C. § 216(b).  Should "similarly situated" individuals later opt-in to the FLSA collective action, Plaintiff may seek leave to amend the complaint to include the related state law claims of those opt-in plaintiffs.  Accordingly, the state law claims asserted on behalf of individuals other than Plaintiff are DISMISSED without prejudice.

## CONCLUSION

For the reasons stated above, Defendants' motion to partially dismiss the complaint is DENIED in part and GRANTED in part.  By **February 4, 2015**, Defendants shall answer the complaint or submit a letter requesting a pre-motion conference pursuant to Paragraph III of the Court's Individual Practices in Civil Cases.

In addition, counsel for all parties shall appear for an initial pretrial conference, in accordance with Rule 16 of the Federal Rules of Civil Procedure, on **February 19, 2015**, at **4:00 p.m.**, in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York.  Principal trial counsel must appear at this and all subsequent conferences.

By **February 13, 2015**, the parties shall e-mail a jointly proposed Case Management Plan and Scheduling Order to chambers (Torres_NYSDChambers@nysd.uscourts.gov). The parties shall utilize the Court's model Case Management Plan and Scheduling Order, which is available at http://www.nysd.uscourts.gov/judge/Torres.

The Clerk of Court is directed to terminate the motion at ECF No. 19.

SO ORDERED.

Dated: January 14, 2015
      New York, New York

                                                 ANALISA TORRES
                                        United States District Judge